## PEOPLE *v.* SIMONSON *et al.*

(*Supreme Court, General Term, Second Department.* December 10, 1889.)

1. WILLS—CONSTRUCTION—PERPETUITIES.
    Testator devoted part of his estate to the creation and maintenance of a musical college, for which he directed his three executors to apply to the legislature for a charter; and, in case of the death of the longest lived of the three before the charter should be granted, he gave the fund in trust to the city of New York for certain purposes. *Held,* that the bequest was void, under the law forbidding perpetuities.
2. SAME—UNCERTAINTY.
    A bequest for the purpose of creating and maintaining a "musical college," without any directions or the expression of testator's wishes as to a plan for its working, is void for uncertainty.[1]

Appeal from special term.
Action by the people of the state of New York against Alfred L. Simonson and Edward T. Schenck, individually and as executors of and trustees under the last will and testament of Samuel Wood, deceased, Lewis L. Fosdick, and

---

[1] On the subject of certainty of beneficiaries as affecting charitable bequests, see *Tilden* v. *Green,* 7 N. Y. Supp. 382, and note; *Trustees, etc.* v. *Guthrie,* (Va.) 10 S. E. Rep. 318, and note.

Van Wyck Hewlett, as executors of Abraham Hewlett, deceased, to enforce a trust under the will of said Samuel Wood, deceased. There was judgment dismissing the complaint. The people appeal.

Argued before BARNARD, P. J., and DYKMAN, J.

*Chas. F. Tabor*, Atty. Gen., (*B. E. Valentine*, of counsel,) for appellants. *J. T. Marean*, of counsel, for respondents. *Wakeman & Campbell*, for Alfred L. Simonson. *E. Schenck*, for E. T. Schenck. *J. T. Marean*, for Lewis L. Fosdick and Van Wyck Hewlett.

BARNARD, P. J. The testator, Samuel Wood, devoted a large part of his estate to the creation and maintenance of a hospital to be called the "Samuel Wood Benevolent Institute." The will directed the executors to apply to the legislature for a charter, and to prosecute the application until it was granted, and, in case of the death of the longest lived of them before the same was obtained, then the testator gave the fund devoted to the hospital to the city of New York, to be strictly devoted by the city to the hospital charity "until such charter shall be obtained." By the codicil the testator revoked the bequest for the hospital, and applied it "to the founding of a musical institution to be known and called the 'Samuel Wood Musical College.' * * * And that appropriate legislation and means be adopted to perfect the incorporation and general plan of the institution as near or similar to the plan or method given in my said will with regard to the formation and endowment of the Samuel Wood Benevolent Institute and Hospital." No charter has been applied for by the executor, and none has been passed by the legislature. The codicil named four executors, three of whom qualified. As this appeal is based upon a decision dismissing the complaint because the people had no cause of action, it must be assumed that the executors are irresponsible; that they have squandered the estate; have collusively suppressed the codicil; and procured or invited a judgment, based on ignorance of the facts by the court which granted it, that the codicil was void for want of capacity in the testator; and then had the surrogate read the will without the codicil, and grant new letters testamentary to one of the executors who was superseded by the codicil. That the probate of the codicil had been litigated and approved by the court of appeals before this collusive judgment was obtained, and that this fact was suppressed before the surrogate who succeeded the surrogate who tried the case, (8 N. E. Rep. 387,) is a damaging statement, but the present case rests entirely upon the validity of the hospital trust in the will, and the musical college trust in the codicil. The will expressly ties up the estate for three lives. The executors are to keep it, or may do so, until the longest lived of three designated persons are deceased. The codicil merely changes the name of the beneficiary, but leaves the will in other respects still standing. It is therefore liable to the same objection as to illegal suspension. It is impossible to found a beneficiary under the codicil with such definiteness as would enable a court of equity to enforce the trust. The hospital scheme is definite, but it is entirely incongruous when applied to a musical college. The trust is also void for indefiniteness as to the beneficiary. The legislature must provide a working plan for the college, if it grants a charter, and must of necessity construct it, in the absence of the testator's directions, or even wishes, for he has given neither. It is void, therefore, for indefiniteness of the trust. *Holland* v. *Alcock*, 108 N. Y. 312, 16 N. E. Rep. 305; *Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337, 21 N. E. Rep. 64. The attorney general has no standing to enforce a trust void by our law, and the judgment should therefore be affirmed, with costs.